### No. 619
### SINEK v. TELLING BELLE VERNON CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5397. Decided March 2, 1925

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

1028. RES IPSA LOQUITUR—Presumption of negligence under doctrine of, can legally be indulged in only when the facts from which the presumption arises are proved by direct evidence.

MIDDLETON, J.

Mildred Sinek, a minor in 1922 entered an ice cream parlor with two girl companions. Ice cream was ordered and a soda was served to Sinek, who after drinking part of the soda started to eat the ice cream. She then discovered that there was glass in her soda and had swallowed some, and cut her throat with another piece.

She brought her action in the Cuyahoga Common Pleas against the Telling Belle Vernon Co., said company being the manufacturer of the ice cream. The trial court directed a verdict for the company at the close of Sinek's evidence on the theory that the facts in the evidence did not make a prima facie case of negligence, and one for the application of res ipsa loquitur. Error was prosecuted and the Court of Appeals held:

1. "Whether the testimony touching the cause of the injury is of such evidentiary value as to raise the presumption of negligence, under the doctrine of res ipsa loquitur, is for the court." Loomis v. Railway Co., 107 OS. 161, at pg. 168.

2. In the instant case the facts submitted in evidence admit of several theories. The broken glass might have been permitted carelessly to fall in the ice cream after the can was opened. It might have been in the glass container when the soda was prepared.

3. Under all the facts in the evidence, an inquiry reasonably arises in respect to the proximate cause of the injury, and such inquiry may be answered by presumption. This

being so, whether from such presumption the further presumption of negligence arises, was a question for the trial court.

4. The doctrine of res ipsa loquitur means that from certain facts the presumption arises that the defendant has not used due care. Such a presumption however, cannot be based upon a presumption. One inference will not support another inference.

5. There is no direct or specific proof that the broken glass was in the can of cream when it was opened. How then, may it be presumed from the other circumstances in evidence that it was there, and with that presumption as a basis, further presume that it was there by fault of the company? The presumption of negligence under the doctrine of res ipsa loquitur must rest upon more substantial proof. Judgment affirmed.

Attorneys—J. DeKaiser and M. C. Harrison, for Sinek; Tolles, Hogsett, Ginn & Morley, for Company; all of Cleveland.